FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 APR 17 AM 11: 15
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KATRINA JOYNER,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )   CASE NO. CV417-174
                                         )
LIFESHARE MANAGEMENT GROUP, LLC          )
d/b/a Lifeshare Management               )
Group, Inc.,                             )
                                         )
        Defendant.                       )
                                         )

# O R D E R

Before the Court are Plaintiff's Motion to Remand (Doc. 14) and Defendant's Motion to Dismiss (Doc. 3). For the following reasons, Plaintiff's Motion to Remand is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. However, Plaintiff shall have **fourteen days** from the date of this order to submit an amended complaint correcting the deficiencies identified below. Plaintiff is on **NOTICE** that failure to do so will result in dismissal of this case.

## BACKGROUND

This case arises from Plaintiff Katrina Joyner's employment as a care provider with Defendant Lifeshare Management Group, LLC ("Lifeshare").[1] (Doc. 1, Ex. A at 9.) While working for

---

[1] For the purposes of this order, the Court will accept all factual allegations in the complaint as true and construe all

Defendant, Plaintiff was directed to house and provide twenty-four hour care for a special needs patient, whom for the purposes of this order will be referred to as Ms. H. (Id.) From the beginning of the arrangement, however, Ms. H was aggressive and combative with Plaintiff. (Id.) Plaintiff made several reports of the aggressive and combative behavior to Defendant, requesting that Ms. H be removed from Plaintiff's care and relocated. (Id.) Defendant, however, did not act on any of Plaintiff's requests. (Id. at 10.) On September 7, 2015, Ms. H became aggressive while riding in Plaintiff's car and bit Plaintiff's hand, causing Plaintiff to suffer "permanent nerve damage." (Id.)

On August 16, 2017, Plaintiff filed suit in the State Court of Chatham County alleging claims based on Defendant's alleged negligence, and intentional and negligent infliction of emotional distress. (Id. at 6-14.) In her complaint, Plaintiff sought attorney's fees, punitive damages, and other damages related to her medical expenses, pain and suffering, and lost wages. (Id. at 12-13.) On September 21, 2017, Defendant invoked this Court's diversity jurisdiction and removed this action pursuant to 28 U.S.C. § 1332. (Doc. 1.) At the same time, Defendant filed a Motion to Dismiss seeking dismissal of the

---

allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

2

entirety of Plaintiff's complaint. (Doc. 3.) In its motion, Defendant argued that Plaintiff failed to properly allege facts to support her claims. (Id.) In response, Plaintiff maintained that she did provide enough factual allegations in her complaint so as to allow her time to further develop these allegations through discovery. (Doc. 15.)

On October 19, 2017, Plaintiff filed a Motion to Remand. (Doc. 14.) In her motion, Plaintiff maintained that this Court lacked jurisdiction over this matter and that this case should be remanded to state court. (Id. at 4.) Plaintiff argued that Defendant had not shown that the amount in controversy exceeded the $75,000 required for this Court to assert jurisdiction over this case. (Id. at 2-3.) In her motion, Plaintiff also requested attorney's fees for "the additional effort required to respond to Defendant's groundless Notice of Removal." (Id. at 3.)

This Court must have jurisdiction over this action before reaching the merits of any legal argument. As such, this Court will first consider the merits of Plaintiff's Motion to Remand. The Court will be able to consider the merits of Defendant's Motion to Dismiss only after finding that this Court has proper jurisdiction over this action.

# ANALYSIS

I.  MOTION TO REMAND

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

This case was removed from a state court action pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states." While there is complete diversity between the parties in this case, Plaintiff did not list an amount of damages in her initial complaint. However, Defendant still may show "by a preponderance of the evidence" that the amount in

controversy requirement is satisfied and federal jurisdiction exists. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

In this case, Plaintiff contends that Defendant is unable to show that the amount in controversy exceeds $75,000. (Doc. 14.) Plaintiff argues that the amount in controversy is not stated in the complaint or readily deducible from the pleadings in this case. (Id. at 2-3.) As a result, Plaintiff maintains that this Court does not have jurisdiction over this action and this case must be remanded to the state court. (Id. at 4.) In response, Defendant contends that this Court does have jurisdiction over this action because the amount in controversy, although not listed in Plaintiff's initial complaint, is likely to exceed $75,000. (Doc. 21.)

When determining whether the amount in controversy of this case exceeds $75,000, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). In this case, Plaintiff's complaint requests punitive damages and damages for "serious and substantial physical and mental injuries; past and future medical expenses; past, present, and future

physical and mental pain and suffering; permanent impairment; and lost wages." (Doc. 1, Ex. A at 13.) While Plaintiff provides no specific amounts as to each of the requested damages, the Court is convinced that the total amount likely exceeds the $75,000 amount-in-controversy requirement. For example, in Defendant's notice of removal, Defendant provides that Plaintiff's average monthly wages amounted to $2,536 a month. (Doc. 1 at 6.) Using that average wage to estimate potential damages for back pay from November 2015 to the date in which this case was removed, August 9, 2017, the damages for back pay alone exceed $60,000. When accounting for additional damages for medical expenses, pain and suffering, and permanent impairment, the Court finds that the total damages likely exceed $75,000. As a result, the Court does have jurisdiction over this action and this case will not be remanded to the state court. Accordingly, Plaintiff's Motion to Remand is denied.[2]

II. MOTION TO DISMISS

Because this Court has jurisdiction over this case, the Court is now able to consider the merits of Defendant's Motion to Dismiss. In its motion, Defendant contends that each of Plaintiff's claims must be dismissed because Plaintiff has

---

[2] Because this case will not be remanded to the state court, Plaintiff is not entitled to any attorney's fees attributable to the expense of filing Plaintiff's Motion to Remand. As a result, Plaintiff's request for additional attorney's fees is denied.

6

failed to sufficiently allege facts to support these claims. (Doc. 3.) In response, Plaintiff argues that she has alleged enough facts in her complaint to allow for her claims to survive, and that she should be allowed to proceed to discovery in order to further develop her factual allegations. (Doc. 15.) In considering whether to grant Defendant's motion, the Court will consider the sufficiency of Plaintiff's allegations by claim.

A. <u>Motion to Dismiss Standard of Review</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " <u>Id.</u> (quoting <u>Twombly,</u> 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's]

8

allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

B. Negligence

In Count I of her complaint, Plaintiff alleges that Defendant was negligent by "failing to take measures to reasonably ensure Plaintiff's safety and investigate [Ms. H's] violent and/or aggressive tendencies and put Plaintiff on notice of those tendencies." (Doc. 1, Ex. A at 11.) In its Motion to Dismiss, Defendant contends that Plaintiff's claim based on Defendant's alleged negligence must fail because Plaintiff failed to properly allege a factual basis to support her claim. (Doc. 3 at 4.) In order to sustain a claim for negligence, a plaintiff must be able to establish "(1) the existence of a legal duty; (2) a breach of that duty; (3) an injury; and (4) a causal connection between the breach and injury. Persinger v. Step By Step Infant Dev. Ctr., 253 Ga. App. 768, 769, 560 S.E.2d 333, 335 (2002) (quoting Vaughan v. Glymph, 241 Ga. App. 346, 348, 526 S.E.2d 357, 359 (1999)). In this case, Defendant contends that Plaintiff has failed to allege any facts that

9

Defendant owed Plaintiff a legal duty. (Doc. 3 at 4.) As a result, Defendant reasons that her claim must be dismissed. (Id.)

After careful review, the Court must agree. In her complaint, Plaintiff makes a series of allegations that Defendant "had a legal duty." (Doc. 1, Ex. A at 11.) However, Plaintiff never provides any factual support for these conclusory allegations or suggests how Defendant had a legal duty in this case. It is unclear whether this alleged legal duty arises from a contract between the parties or from an employer and employee relationship. From the face of the complaint, the Court can discern no basis for Plaintiff's contention that Defendant owed her a legal duty. As a result, Plaintiff has failed to properly allege an essential element required to support her claim for negligence. Accordingly, Defendant's Motion to Dismiss as to Plaintiff's claim for negligence is granted.

### C. Negligent or Intentional Infliction of Emotional Distress

In Count II of her complaint, Plaintiff alleges that Defendant should be liable for either its negligent or intentional infliction of emotional distress. (Doc. 1, Ex. A at 11-12.) In its motion to dismiss, Defendant contends that Count II in Plaintiff's complaint must be dismissed because Plaintiff has not properly alleged facts to support a claim under either

theory of recovery. (Doc. 3 at 3.) After careful review, the Court agrees.

First, Defendant contends that Plaintiff's claim based on negligent infliction of emotional distress fails because there is no independent tort in Georgia for the negligent infliction of emotional distress. (Id.) Defendant's contention, however, is either a blatant misstatement of the law or a fundamental misunderstanding of Georgia tort law. It is true that "there is no independent tort in Georgia for negligent infliction of emotional distress." Holbrook v. Stansell, 254 Ga. App. 553, 554, 562 S.E.2d 731, 733 (2002) (citing Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 584, 533 S.E.2d 82, 84 (2000)). Instead, "recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." Id. (quoting Ryckeley v. Callaway, 261 Ga. 828, 828, 412 S.E.2d 826, 826 (1992)). In this case, Plaintiff has not only alleged that she suffered emotional distress, but also a physical injury. Accordingly, Plaintiff has shown the physical impact required to maintain a claim for the negligent infliction of emotional distress.

Plaintiff's claim, however, fails for a more fundamental reason. This Court has already found that Plaintiff has failed to properly allege enough facts to support her claim based on Defendant's alleged negligence. Because Plaintiff has not shown

11

any basis for her contention that Defendant was negligent, Plaintiff cannot maintain a claim based on the negligent infliction of emotional distress.

Next, Defendant contends that Plaintiff's claim for intentional infliction of emotional distress must also be dismissed. (Doc. 3 at 3.) Again, Defendant contends that Plaintiff has failed to properly allege any facts that would support a claim for the intentional infliction of emotional distress. (Id.) In order to properly allege a claim based on the intentional infliction of emotional distress, a complaint must contain at least four elements: "(1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; and (4) [t]he emotional distress must be severe." Cottrell v. Smith, 299 Ga. 517, 521, 788 S.E.2d 772, 780 (2016).

In this case, Defendant contends that Plaintiff has failed to allege any facts establishing that Defendant's conduct was extreme or outrageous, that Defendant's conduct was intentional or reckless, or that Plaintiff suffered severe emotional distress as a result of Defendant's conduct. In Plaintiff's complaint, Plaintiff simply alleges that Defendant was on notice of her complaints about Ms. H, but "did not attempt to help Plaintiff or relocate [Ms. H] as requested." (Doc. 1, Ex. A at

10.) Outside of this allegation, the rest of Plaintiff's complaint contains conclusory allegations that "the actions of Defendant were so outrageous and egregious that they constitute [] intentional infliction of emotional distress." (Id. at 11-12.)

Overall, Plaintiff's allegations are insufficient. First, the Court cannot discern from Plaintiff's naked assertions whether Defendant acted intentionally or recklessly. Plaintiff has failed to allege any facts in support of a claim that Defendant directed any action towards Plaintiff. In addition, Plaintiff has provided no factual support for her assertion that she has suffered severe emotional distress. Beyond her conclusory allegation that she suffered emotional distress as a result of the injury to her hand, Plaintiff's complaint is silent. More importantly, Plaintiff has failed to allege facts suggesting that Defendant's conduct was extreme or outrageous. "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706, 409 S.E.2d 835, 838 (1991) (citing Gordon v. Frost, 193 Ga. App. 517, 521, 388 S.E.2d 362, 366 (1989)). In this case, the Court cannot make a proper determination as to whether Defendant's behavior was extreme or outrageous because Plaintiff has only provided conclusory

13

allegations in her complaint. Because Plaintiff's allegations are insufficient, this claim must be dismissed.

D. Attorney's Fees and Punitive Damages

In addition to the substantive claims, Plaintiff also requests attorney's fees and punitive damages in her complaint. (Doc. 1, Ex. A at 12-13.) Defendant, however, contends that Plaintiff is not entitled to either request. (Doc. 3 at 6-7.) First, Defendant argues that Plaintiff's claim for attorney's fees should be dismissed because Plaintiff has not shown any basis for such an award. (Id. at 6.); see O.C.G.A. § 13-6-11 (stating that expenses in litigation are generally not awarded unless the "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense"). Secondly, Defendant contends that Plaintiff's claim for punitive damages fails because there is no independent cause of action that would allow for punitive damages in this case. (Doc. 3 at 6-7.)

The Court, however, does not need to consider the merit of Defendant's arguments at this time. Plaintiff's requests for attorney's fees and punitive damages must be dismissed for a more fundamental reason. Because the Court finds that Plaintiff's claims based on Defendant's alleged negligence and negligent or intentional infliction of emotional distress are insufficient, Plaintiff has no basis for which to request

attorney's fees or punitive damages. As a result, these requests must also be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 14) is **DENIED** and Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**. Plaintiff, however, shall have **fourteen days** from the date of this order to submit an amended complaint correcting the deficiencies identified above. Plaintiff is on **NOTICE** that failure to do so will result in dismissal of this case.

SO ORDERED this 16th day of April 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA