FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 NOV 21 PM 2:13
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KATRINA JOYNER,

    Plaintiff,

v.

LIFESHARE MANAGEMENT GROUP, LLC
d/b/a Lifeshare Management Group,
Inc.,

    Defendant.

CASE NO. CV417-174

## ORDER

Before the Court is Defendant's Second Motion to Dismiss (Doc. 39). For the following reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for the intentional infliction of emotional distress and request for attorneys' fees are **DISMISSED**. However, Plaintiff's claims for negligence and the negligent infliction of emotional distress survive. Plaintiff's request for punitive damages also remains.

## BACKGROUND

This case arises from Plaintiff Katrina Joyner's employment as a care provider with Defendant Lifeshare Management Group, LLC ("Lifeshare").[1] (Doc. 37 at 2.) While working for Defendant, Plaintiff was directed to house and provide twenty-four hour care

---

[1] For the purposes of this order, the Court will accept all factual allegations in the amended complaint as true and construe all allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

for a special needs patient, whom for the purposes of this order will be referred to as Ms. H. (Id.) From the beginning of the arrangement, however, Ms. H was aggressive and combative with Plaintiff. (Id.) Plaintiff made several reports of the aggressive and combative behavior to Defendant, requesting that Ms. H be removed from Plaintiff's care and relocated. (Id. at 3.) Defendant, however, did not act on any of Plaintiff's requests. (Id.) On September 7, 2015, Ms. H became aggressive while riding in Plaintiff's car and bit Plaintiff's hand, causing Plaintiff to suffer "permanent nerve damage." (Id.)

On August 16, 2017, Plaintiff filed suit in the State Court of Chatham County alleging claims based on Defendant's alleged negligence, and intentional and negligent infliction of emotional distress. (Doc. 1, Ex. A at 8-14.) In her complaint, Plaintiff sought attorneys' fees, punitive damages, and other damages related to her medical expenses, pain and suffering, and lost wages. (Id. at 12-13.) On September 21, 2017, Defendant invoked this Court's diversity jurisdiction and removed this action pursuant to 28 U.S.C. § 1332. (Doc. 1.)

On the same day, Defendant filed a Motion to Dismiss seeking dismissal of the entirety of Plaintiff's complaint. (Doc. 3.) In its motion, Defendant argued that Plaintiff had failed to establish a factual basis to support any of her claims. (Id.) On April 17, 2018, the Court agreed and found that the allegations in

Plaintiff's complaint were insufficient. (Doc. 36.) The Court instructed Plaintiff to file a new complaint within 14 days. (Id.) On April 30, 2018, Plaintiff complied with that order and filed an amended complaint. (Doc. 37.)

Now, Defendant has filed its Second Motion to Dismiss, seeking dismissal of Plaintiff's amended complaint. (Doc. 39.) Defendant contends that Plaintiff—despite an effort to further develop the factual allegations in her amended complaint and comply with this Court's previous order—has still failed to properly plead factual allegations to support her claims. (Id.) In response, Plaintiff argues that she has sufficiently alleged enough facts to support her claims and allow her to begin the process of discovery. (Doc. 47.)

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' "

3

Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotations omitted). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578

4

F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. MOTION TO DISMISS

In its Second Motion to Dismiss, Defendant contends that Plaintiff has failed to properly allege the necessary elements to establish any of her claims. (Doc. 39.) To support its position, Defendant relies on several claim-specific arguments. (Id.) In addition, Defendant also contends that Plaintiff's complaint must be dismissed because the complaint, as a whole, constitutes an example of shotgun pleading. (Id. at 3-4.) Before addressing each of Defendant's claim-specific arguments, the Court must first address Defendant's contention that Plaintiff's amended complaint should be dismissed as an impermissible shotgun pleading.

After careful consideration, the Court wholly rejects the notion that Plaintiff's pleadings should be dismissed as a shotgun pleading. A shotgun pleading typically "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Although shotgun pleadings have "been roundly, repeatedly, and consistently" condemned by the Eleventh Circuit Court of Appeals, Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 980 (11th Cir. 2008), the Court finds that Plaintiff's amended complaint is clearly not an example of shotgun pleading. While Plaintiff does incorporate some factual allegations by reference, Plaintiff also differentiates her claims and provides a separate factual basis for each independent claim. Because the Court rejects Defendant's argument that Plaintiff's amended complaint should be dismissed as an example of shotgun pleading, the Court will now consider the remainder of Defendant's claim-specific arguments.

A. Negligence

In Count I of her amended complaint, Plaintiff alleges that Defendant was negligent by "failing to investigate [Ms. H's] violent and/or aggressive tendencies, to put Plaintiff on notice of those tendencies, to reasonably ensure Plaintiff's safety and to

6

remove [Ms. H] once Defendant was notified that [Ms. H] was causing harm to Plaintiff." (Doc. 37 ¶ 21.) In its Second Motion to Dismiss, Defendant contends that Plaintiff's claim based on Defendant's alleged negligence must be dismissed because Plaintiff has failed to show that Defendant owed her any legally cognizable duty. (Doc. 39 at 5.) Defendant asserts that it did not owe Plaintiff any legally cognizable duty because Plaintiff's injury was not caused by one of Defendant's employees and Plaintiff was an independent contractor that was not employed by Defendant. (Id.) After careful review, the Court disagrees with Defendant's argument.

In order to sustain a claim for negligence, a plaintiff must be able to establish "(1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." Persinger v. Step By Step Infant Dev. Ctr., 253 Ga. App. 768, 769, 560 S.E.2d 333 (2002) (quoting Vaughan v. Glymph, 241 Ga. App. 346, 348, 526 S.E.2d 357 (1999)). In this Court's review of Plaintiff's original compliant, the Court found that Plaintiff failed to establish that Defendant owed Plaintiff any legal duty to protect her from harm. (Doc. 36 at 10.) Instead, the Court found that Plaintiff merely relied on a series of conclusory allegations that merely stated that Defendant owed her a duty. (Id.)

In her amended complaint, however, the Court now finds that Plaintiff has alleged enough factual allegations at this stage in the proceedings to support her contention that Defendant owed her

7

a legal duty based on the contractual relationship between the parties. In her complaint, Plaintiff points to a "Provider Contract, Policies, Procedures, Provider Handbook and Provider-Agency forms" as the basis for her position that Defendant owed her a duty—created by contract—to investigate Mrs. H's behavior and protect Plaintiff from harm. (Doc. 37 ¶ 20.) Georgia law has consistently recognized that "a legal duty can arise not only by operation of law but by a contract between the parties." Armor Elevator Co. v. Hinton, 213 Ga. App. 27, 29, 443 S.E.2d 670 (1994). Because Plaintiff has provided a factual basis to support that Defendant owed her a legal duty, the Court is now satisfied that Plaintiff has alleged at least enough factual allegations at this stage in the proceedings for her negligence claim to survive.[2] Accordingly, Defendant's Second Motion to Dismiss with respect to Plaintiff's negligence claim is denied.

B. Negligent Infliction of Emotional Distress

In Count II of her amended complaint, Plaintiff alleges that as a result of Defendant's actions in this case she "lived in a constant state of fear, apprehension and anxiety that she would be harm by [Mrs. H]." (Doc. 37 ¶ 26.) Accordingly, Plaintiff alleges that Defendant should be liable for the negligent infliction of emotional distress. (Id. at 5-7.) In its Second Motion to Dismiss, Defendant contends that Plaintiff's claim based on the negligent

---

[2] To the extent that Defendant wants to dispute whether it actually owed Plaintiff a duty that required it to protect her from any harm, that issue is more appropriate for summary judgment.

8

infliction of emotional distress fails because Plaintiff has still failed to establish any underlying negligence claim. (Doc. 39 at 7-8.) Defendant contends that Plaintiff's claim for the negligent infliction of emotional distress "must rise or fall with [Plaintiff's] negligence claim." (Doc. 49 at 8.) Because Defendant argues that Plaintiff has failed to properly allege an underlying negligence claim, Defendant contends that Plaintiff's claim for the negligent infliction of emotional distress must also be dismissed.

While the Court agrees with Defendant's logic, Plaintiff's claim for the negligent infliction of emotional distress survives. As discussed above, the Court has found that Plaintiff has sufficiently alleged a factual basis to support her negligence claim. Because Plaintiff has sufficiently alleged enough facts for her negligence claim to survive, Plaintiff's claim for the negligent infliction of emotional distress must also survive.

C. Intentional Infliction of Emotional Distress

Alternatively, in Count II of her amended complaint, Plaintiff also alleges that Defendant should be liable for the intentional infliction of emotional distress. (Doc. 37 at 5-7.) In its Second Motion to Dismiss, Defendant contends that Plaintiff's claim for the intentional infliction of emotional distress must also be dismissed. (Doc. 39 at 8-10.) Specifically, Defendant contends that Plaintiff claim for the intentional infliction of

9

emotional distress fails because Plaintiff fails to properly allege any facts to establish that Defendant's conduct was extreme and outrageous or that Plaintiff suffered severe emotional distress as a result of that conduct. (Id.)

In order to properly allege a claim based on the intentional infliction of emotional distress, a complaint must contain at least four elements: "(1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; and (4) [t]he emotional distress must be severe." Cottrell v. Smith, 299 Ga. 517, 521, 788 S.E.2d 772 (2016). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." Fisher v. Toombs Cty Nursing Home, 223 Ga. App. 842, 946, 479 S.E.2d 180 (1996). In Georgia, plaintiffs must overcome a high threshold in order to establish that conduct was sufficiently outrageous to support a claim for the intentional infliction of emotional distress. In fact, "[l]iability for intentional infliction of emotional distress has been found in Georgia only when a defendant's conduct is 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Turnbull v. Northside Hosp., Inc., 220 Ga. App. 883, 884, 470

10

S.E.2d 464 (1996) (quoting Yarbrough v. SAS Systems, 204 Ga. App. 428, 429, 419 S.E.2d 507 (1992)).

In this case, Plaintiff contends that "Defendant's blatant failure to remove [Ms. H] from Plaintiff's home and the conscience disregard for Plaintiff's safety" forms the basis of her claim that Defendant's conduct was outrageous. (Doc. 37 ¶ 26.) While Defendant may have acted improperly by not responding to Plaintiff's complaints and removing Ms. H from Plaintiff's home, the Court hardly finds Defendant's conduct to be "utterly intolerable in a civilized community." Yarbrough, 204 Ga. App at 429, 419 S.E.2d at 509.[3] Plaintiff has simply not provided enough allegations to support her claim that Defendant's conduct was sufficiently outrageous. Because Plaintiff has failed to establish any conduct that is extreme and outrageous in this case, Plaintiff's claim for the intentional infliction of emotional distress is dismissed.

D. Attorneys' Fees

In addition to her substantive claims, Plaintiff also requests attorneys' fees in her amended complaint. In its Second

---

[3] Plaintiff tries to save her claim by arguing that "the existence of a special relationship, such as an employee-employer relationship, may produce a character of outrageousness that otherwise might not exist." (Doc. 47 at 18) (citing Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E. 2d 445 (1985)). While it may be true that a special relationship between parties may make certain conduct outrageous or egregious, Plaintiff has failed to allege any facts to convince this Court that the conduct in this case—even assuming the existence of a special relationship between the parties—is outrageous.

11

Motion to Dismiss, Defendant argues that Plaintiff's request for attorneys' fees should be dismissed because Plaintiff has failed to properly plead any meritorious underlying claim that would support an award of attorneys' fees. It is true that Plaintiff cannot request attorneys' fees if she is unable to succeed on any underlying claim. As discussed above, however, this Court has found that Plaintiff's underlying claims based on Defendant's negligence and the negligent infliction of emotional distress remain. As a result, Plaintiff's request for attorneys' fees does not fail on this basis.

Instead, Plaintiff's claim for attorneys' fees fails because Plaintiff has failed to properly establish a basis for an award of attorneys' fees as required by O.C.G.A. § 13-6-11. Under § 13-6-11, "[t]he expenses of litigation generally shall not be allowed as part of the damages . . . [except] where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . .." In this case, Plaintiff has made no allegation that Defendant has been stubbornly litigious or has caused Plaintiff any unnecessary expense. It appears that Plaintiff's claim is premised on an allegation that Defendant's conduct constituted bad faith.

After careful review, however, Plaintiff has failed to establish a factual basis to support a finding that Defendant's conduct constituted bad faith. As discussed above, Plaintiff has

failed to establish facts to support her claim for the intentional infliction of emotional distress. Instead, Plaintiff has only offered enough facts to establish that Defendant's conduct was—at the most—negligent. Georgia law, however, is clear that "mere negligence will not support an award of attorney fees based on bad faith." <u>Hartsock v. Rich's Employees Credit Union</u>, 279 Ga. App. 724, 727(4), 632 S.E.2d 476 (2006) (citation omitted). Because Plaintiff has failed to allege any facts to support that Defendant acted in bad faith, Plaintiff is not entitled to any award of attorneys' fees. Accordingly, Plaintiff's request for attorneys' fees is denied.

E.   <u>Punitive Damages</u>

Finally, Plaintiff requests punitive damages in her amended complaint. Defendant argues that Plaintiff's claim for punitive damages must be dismissed because Plaintiff's claim for punitive damages cannot exist on its own. Defendant contends that all of Plaintiff's claims fail and, accordingly, Plaintiffs claim for punitive damages must also fail. However, as this Court has previously noted, Plaintiff's claims for negligence and the negligent infliction of emotional distress remain in this action. Accordingly, Plaintiff's claim for punitive damages must also remain.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for the intentional infliction of emotional distress and request for attorneys' fees are **DISMISSED**. However, Plaintiff's claims for negligence and the negligent infliction of emotional distress survive. Plaintiff's request for punitive damages also remains. Accordingly, the parties may proceed with discovery.

SO ORDERED this 21ST day of November 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA